ROBERT A. FRANKLIN (091653)
DORIS A. KAELIN (162069)
THOMAS T. HWANG (218678)
MURRAY & MURRAY
A Professional Corporation
19400 Stevens Creek Blvd., Suite 200
Cupertino, CA 95014-2548
Telephone: (650) 852-9000; (408) 907-9200
Facsimile: (650) 852-9244
Email: rfranklin@murraylaw.com
Email: dkaelin@murraylaw.com
Email: thwang@murraylaw.com

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>**IMPEVA LABS, INC.,**<br><br>Debtor.<br><br>2570 West El Camino Real, Suite 100<br>Mountain View, California 94040<br><br>Employer Tax I.D. No.: 20-2084435 | Case No. 10-53056-ASW-11<br><br>Chapter 11<br><br>Date: April 1, 2010 *[subject to entry of order shortening time]*<br>Time: 10:00 a.m.<br>Place: United States Bankruptcy Court<br>280 S. First St., Room 3020<br>San Jose, CA 95113<br>Judge: Honorable Arthur S. Weissbrodt |

**DECLARATION OF KATIE A. LANE ON BEHALF OF BUYER IN SUPPORT OF MOTION FOR ORDER APPROVING OVERBID PROCEDURES AND RELATED MATTERS RE SALE OF CERTAIN ASSETS OF THE DEBTOR**

I, Katie A. Lane, hereby declare:

1. I am an attorney with Arent Fox, LLP and serve as bankruptcy counsel to ARINC Engineering Services, Inc. and ARINC Acquisition, LLC ("ARINC" or the "Buyer"), the proposed buyer of certain assets of Impeva Labs Incorporated, the debtor and debtor in possession herein (the "Debtor" or the "Company"), the debtor and debtor in possession in this jointly administered cases. I have personal knowledge of the facts set forth in this declaration, and, if called to testify, would

and could testify competently thereto. As to those matters stated on information and belief, I believe them to be true.

2. This Declaration is submitted in support of the MOTION FOR ORDER APPROVING OVERBID PROCEDURES AND RELATED MATTERS RE SALE OF CERTAIN ASSETS OF THE DEBTORS (the "Motion").

3. Pursuant to the Motion, the Debtors seek approval of certain bid procedures in connection with the proposed sale of certain of the Debtor's assets to Buyer.

4. The Purchase Agreement[1] entitles the Buyer to be reimbursed for all actual, reasonable out-of-pocket costs and expenses (including fees to professionals) incurred by the Buyer in connection with the Purchase Agreement, up to a cap of $300,000 (the "Expense Reimbursement"). Specifically, the Purchase Agreement provides that the Expense Reimbursement shall become payable to the Buyer upon the occurrence of the following: (a) entry of a final order approving the sale of the Purchased Assets to another bidder; (b) close of a sale to another bidder; and (c) approval by the Bankruptcy Court. As to this last event, the Buyer is required to file with the Court and serve by email upon counsel for any Creditors' Committee and the Office of the United States Trustee (with a copy to Debtor's counsel), a declaration setting forth the expenses incurred and the amount of the asserted Expense Reimbursement. Counsel for the Creditor's Committee (if any) and the Office of the United States Trustee (the "UST") shall have five (5) business days to review the same, and within which to file and serve by email its objection. The absence of a timely objection shall constitute approval by the Creditors' Committee (if any) and the UST of payment of the requested Expense Reimbursement, and the Buyer then may request approval of the Expense Reimbursement by the Bankruptcy Court. In the event an objection is timely made and cannot be resolved, the matter shall be set for hearing. No Expense Reimbursement shall be payable to the Buyer if it breaches its obligations under the Purchase Agreement without having its performance excused under the terms of the Purchase Agreement.

---

[1] Capitalized terms not separately defined herein shall have the meaning ascribed to them in the Motion. A copy of the Purchase Agreement is attached as Exhibit "B" to the DECLARATION OF RANDALL L. SHEPARD IN SUPPORT OF MOTION FOR ORDER APPROVING OVERBID PROCEDURES AND RELATED MATTERS RE SALE OF CERTAIN ASSETS OF THE DEBTORS filed concurrently herewith.

2

DECLARATION OF KATIE A. LANE ON BEHALF OF BUYER IN SUPPORT OF MOTION FOR ORDER APPROVING OVERBID PROCEDURES AND RELATED MATTERS RE SALE OF

Case: 10-53056 Doc# 9-2 Filed: 03/31/10 Entered: 03/31/10 12:36:49 Page 2 of 4

5. In the event that the Buyer is entitled to the Expense Reimbursement, the Purchase Agreement further provides that such obligation will constitute allowed administrative expense of the Debtor's bankruptcy estate pursuant to section 503(b)(1)(A) of the Bankruptcy Code and entitled to the priority set forth in section 507(a)(2) of the Bankruptcy Code.

6. The Letter of Intent between the parties provided for a break-up fee of $200,000. The Buyer agreed in negotiations of the Purchase Agreement to eliminate a break-up fee but required inclusion of the above expense reimbursement provision in an amount of up to $300,000 to cover its out of pocket expenses for the transaction. The Buyer also agreed to a procedure for approval of its costs and expenses providing opportunity for review by the Office of the United States Trustee and any Creditors' Committee, similar to what has been approved in other cases.

7. The Buyer has incurred approximately $180,000 in out of pocket expenses to date. These expenses include the fees incurred by Buyer's counsel for negotiating and drafting the transaction documents and bankruptcy pleadings, and for other diligence fees incurred to review the intellectual property, export control and corporate documents provided by the Debtor. This diligence effort included a standard review of Debtor's corporate documents, but, due to the fact that the assets that the Buyer seeks to purchase from the Debtor relate primarily to intellectual property, Buyer's counsel undertook a more extensive review of Debtor's intellectual property. Furthermore, because the Debtor provides products and services internationally, which are licensed by the Department of State in accordance with the International Traffic in Arms Regulations, more extensive due diligence was required than would otherwise be required if the Debtor simply engaged in domestic commercial work. In addition, the Buyer provided additional financing to the Debtor on March 18, 2010, and incurred additional fees from Buyer's counsel in negotiating and reviewing the financing documents in light of these bankruptcy proceedings and the proposed transaction.

/ / /

/ / /

/ / /

/ / /

/ / /

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on March 31, 2010 in Washington, DC.

By:   */S/ KATIE A LANE*
      Katie A. Lane