Entered on Docket
April 02, 2010
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

IT IS SO ORDERED.
Signed April 02, 2010

Arthur S. Weissbrodt
U.S. Bankruptcy Judge

ROBERT A. FRANKLIN (091653)
DORIS A. KAELIN (162069)
THOMAS T. HWANG (218678)
MURRAY & MURRAY
A Professional Corporation
19400 Stevens Creek Blvd., Suite 200
Cupertino, CA 95014-2548
Telephone: (650) 852-9000; (408) 907-9200
Facsimile: (650) 852-9244
Email: rfranklin@murraylaw.com
Email: dkaelin@murraylaw.com
Email: thwang@murraylaw.com

Attorneys for Debtor

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

In re:

**IMPEVA LABS, INC.,**

Debtor.

2570 West El Camino Real, Suite 100
Mountain View, California 94040

Employer Tax I.D. No.: 20-2084435

Case No. 10-53056-ASW-11

Chapter 11

Date: April 16, 2010 *[final hearing]*
Time: 9:45 a.m.
Place: United States Bankruptcy Court
280 S. First St., Room 3020
San Jose, CA 95113
Judge: Honorable Arthur S. Weissbrodt

**INTERIM ORDER APPROVING AGREEMENT TO PROVIDE POST-PETITION FINANCING, FOR ADEQUATE PROTECTION SECURED BY LIEN ON PROPERTY OF THE ESTATE UNDER SECTION 364 AND FOR MODIFICATION OF AUTOMATIC STAY**

A preliminary hearing on the MOTION FOR INTERIM AND FINAL ORDERS APPROVING AGREEMENT TO PROVIDE POST-PETITION FINANCING, FOR ADEQUATE PROTECTION SECURED BY LIEN ON PROPERTY OF THE ESTATE UNDER SECTION 364 AND FOR MODIFICATION OF AUTOMATIC STAY (the "Motion") filed by Impeva Labs, Inc., the debtor and debtor in possession (the "Debtor"), was held on April 1, 2010 in the above-entitled Court, the Hon. Arthur S. Weissbrodt, United States Bankruptcy Judge, presiding. The Debtor appeared by Robert A. Franklin and Doris A. Kaelin of Murray & Murray, a Professional Corporation; ARINC Engineering Services, LLC ("ARINC" or

"Secured Lender") appeared by counsel Katie A. Lane of Arent Fox, LLP; other appearances, if any, were noted on the record at the hearing. Any objections to the relief sought in the Motion were either withdrawn, resolved, or are hereby overruled. The Motion seeks the immediate entry of an interim order (the "Interim Order") and asks the Court to schedule a final hearing the ("Final Hearing") to consider granting the relief requested in the Motion on a final basis.

Based on the record before this Court,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A. On March 26, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of California, San Jose, Division, (the "Court"). Since the Petition Date, the Debtor has retained possession of its assets and has continued to operate its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No official committee of unsecured creditors (the "Committee") has been appointed.

B. By the Motion, the Debtor is seeking authorization to incur post-petition indebtedness (the "DIP Financing"), pursuant to the debtor-in-possession credit facility (the "DIP Facility"), entitled SECURED SUPER-PRIORITY DEBTOR-IN-POSSESSION LOAN AGREEMENT (the "Loan Agreement") attached to the DECLARATION OF RANDALL SHEPARD IN SUPPORT OF FIRST DAY MOTIONS AND APPLICATIONS as **Exhibit "B"** (as it may be modified, supplemented or amended from time to time, the "Loan Agreement"), and to grant liens, security interests and superpriority claims to the Secured Lender under the terms set forth in this Interim Order.

C. The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(b) and 1334. This Interim Order is entered in a "core" proceeding as defined in 28 U.S.C. §§ 157(b)(2)(D) and (M).

D. The Debtor has an immediate need to obtain debtor-in-possession financing in order to permit the orderly continuation of the operation of its business, receive, process and fulfill orders from customers, to maintain business relationships with and pay employees, contractors, vendors and suppliers to ensure that its subcontract and provision of services to the Department of Defense is honored, and to satisfy other working capital needs. The ability of the Debtor to obtain sufficient

Case: 10-53056  Doc# 32  Filed: 04/02/10  Entered: 04/02/10 13:52:28  Page 2 of 8

working capital and liquidity through the incurrence of new indebtedness for borrowed money and other financial accommodations is vital to the preservation and maintenance of the going concern value of the Debtor.

E. The Secured Lender is willing to allow the Debtor to obtain financing under the DIP Facility only upon the following terms and conditions: (a) entry of the Interim Order[1] authorizing the DIP Financing on the terms set forth in this Interim Order pending the entry of an order authorizing the DIP Financing on a final basis (the "Final Order"), and (b) subsequent to that, on the terms set forth in the Final Order.

F. The Debtor is unable to obtain adequate unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code or pursuant to sections 364(a) and 364(b) of the Bankruptcy Code. The Debtor is also unable to obtain secured credit allowable under section 364(c) of the Bankruptcy Code, except under the terms and conditions set forth in this Interim Order.

G. The terms of the DIP Financing (a) have been negotiated in good faith and at arm's length and without collusion between the Debtor and the Secured Lender, and (b) are fair and reasonable under the circumstances and enforceable against the Debtor.

H. Any credit extended and loans made by the Secured Lender pursuant to the Loan Agreement shall be deemed to have been extended in good faith, as that term is used in section 364(e) of the Bankruptcy Code. Based on the foregoing, the Secured Lender shall be given all the protections provided by section 364(e) of the Bankruptcy Code to entities that have extended credit in good faith. The Secured Lender has expressly relied upon the protections offered by Section 364(e) of the Bankruptcy Code in extending financing to the Debtor.

I. The relief requested in the Motion with respect to the DIP Financing is necessary, essential and appropriate for the continued operations of the Debtor's business and the management and preservation of its property. It is in the best interest of the Debtor's estate to be allowed to enter into, and perform under, the Loan Agreement.

J. Agility Investments Holdings, LLC, as collateral agent for itself and James and Agnes

---

[1] Capitalized terms not otherwise defined have the same meaning ascribed to them in the Loan Agreement.

RAF/ X:\Impec\Lazy Days Plaza, INC DIP Agreement\Mot Int Ord O7.docx

Case: 10-53056   Doc# 32   Filed: 04/02/10   Entered: 04/02/10 13:52:28   Page 3 of 8

3   INTERIM ORDER APPROVING AGREEMENT TO PROVIDE POST-PETITION FINANCING....

Kim (in such capacity, the "Collateral Agent"), claims a security interest in all of the Debtor's pre-petition assets in connection with a certain Security Agreement and certain UCC-1 Financing Statements filed by or on behalf of the Investors under the Security Agreement (collectively, the "Pre-Petition Security Interest"). The Debtor asserts that any lien arising from the Pre-Petition Security Interest is avoidable under Bankruptcy Code § 547 and the Collateral Agent disputes this assertion. As set forth on the record at the Interim Hearing, the Collateral Agent has agreed to subordinate the lien arising from the Pre-Petition Security Interest to the DIP Liens and the superpriority administrative claim under Bankruptcy Code § 364(c)(1) granted in this Interim Order. Neither the Debtor nor ARINC recognize the validity of the lien arising from the Pre-Petition Security Interest and reserve all rights and remedies with respect to contesting the validity, priority and extent of such lien, including all rights under Bankruptcy Code §§ 544, 547, 548 and 550. The Collateral Agent and the Investors under the Security Agreement reserve all rights and remedies with respect to the Pre-Petition Security Interest and all defenses and claims related to any contest of such lien.

K. It appears that the Debtor has served the Motion and notice of the hearing, in accordance with Federal Rule of Bankruptcy Procedure 4001(c) and the applicable local rules of the Court, on the United States Trustee, the Secured Lender, other parties with liens or security interests of record, the twenty (20) largest creditors of the Debtor and any party having requested special notice in this Case. Such notice is adequate and sufficient notice of the Motion and Hearing under the circumstances.

**IT IS HEREBY ORDERED AND ADJUDGED THAT**

1. The Motion is hereby GRANTED on an interim basis;

2. The Debtor is hereby authorized, pending approval of the Motion on a final basis, to immediately borrow, pursuant to the Loan Agreement, an amount of up to $500,000.00 on an initial and interim basis as set forth in the Budget, provided that the proceeds of any advance made pursuant to the Budget will be used solely to fund those items in the Budget or as otherwise provided for in the Loan Agreement or consented to in writing by the Secured Lender;

3. The terms and conditions of the DIP Financing and the Loan Documents (as defined

in the Loan Agreement) are hereby approved on an interim basis in all respects and made fully enforceable against the Debtor and the Secured Lender;

4. In furtherance of the foregoing, the Debtor is authorized to do and perform all acts, and to make, execute and deliver all instruments and documents that may be reasonably required or necessary for the Debtor's performance under the Loan Agreement, and the automatic stay contained in Bankruptcy Code Section 362, to the extent it is applicable, is hereby modified to permit Secured Lender to: (a) implement the terms of this Interim Order; and (b) file or record any financing statements or other instruments and documents, if any, evidencing Secured Lender's security interests in and liens on the Collateral;

5. As security for the Debtor's obligations and indebtedness arising under or in respect of the DIP Financing and the Loan Documents (collectively, the "<u>Obligations</u>"), the Obligations shall have the status in the Case of superpriority administrative expenses under Section 364(c)(1) of the Bankruptcy Code. Such administrative claim shall have priority, over all other claims, costs and expenses of the kinds specified in, or ordered pursuant to, Sections 105, 326, 330, 331, 503(b), 506(c), 507(a), 507(b), 726 or any other provision of the Bankruptcy Code and shall at all times be senior to the rights of the Borrower, the Borrower's estate, and any successor trustee or estate representative in the Bankruptcy Cases or any subsequent proceeding or case under the Bankruptcy Code, subject to the payment of professional fees and disbursements incurred by the Debtor and any statutory committees in the Bankruptcy Case accrued but unpaid in an amount not to exceed the amount set forth in the Budget or the aggregate amount of $100,000.00 (the "<u>Carve-Out</u>") and the allowed fees and expenses of administration (including attorneys' fees) of a superseding Chapter 7 case (the "<u>Chapter 7 Carve-Out</u>");

6. The obligations of the Debtor under the Loan Agreement shall be secured by the grant of a security interest in the Collateral, including all property identified below, subject only to the payment of the Carve-Out and Chapter 7 Carve-Out;

    i. Pursuant to § 364(c)(2) of the Bankruptcy Code, a perfected first priority senior security interest in and lien upon all assets of the Debtor, whether existing on the Petition Date, or thereafter acquired, that, as of the Petition

Date is not subject to valid, perfected and non-avoidable liens (the "DIP Liens");

7. However, the Collateral shall not include any rights of the Debtor or a subsequent chapter 11 or chapter 7 trustee to recover property and to avoid liens or other property interest under the Bankruptcy Code, and all property interests recovered or obtained thereby, under §§ 544 through 548 and 550, inclusive, of the Bankruptcy Code.

8. The Secured Lender shall not be required to file or record any financing statements, mortgages, notices of lien or similar instruments in any jurisdiction or take any other action in order to validate and perfect the respective security interests and liens granted to them pursuant to this Interim Order. This Interim Order shall be sufficient and conclusive evidence of the validity, perfection and priority of the DIP Liens. If the Secured Lender chooses, in its sole discretion, to file a copy of this Interim Order as a financing statement with any recording officer designated to file financing statements or with any registry of deeds or similar office in any jurisdiction, the applicable filing or recording official is authorized and directed to file or record this Interim Order for such purpose;

9. Upon the occurrence of an Event of Default, the Secured Lender may declare all of the Obligations to be immediately due and payable, cease advancing money under the Loan Agreement, terminate the Agreement, and upon delivery of a 5-day notice, may move, which motion may be on shortened time, for relief from the automatic stay in order to enforce all of the Liens and security interests in the Collateral, and the Debtor consents to having such a motion heard on an expedited basis;

10. The Debtor has stipulated to waive any rights or claims it may have pursuant to Sections 506(c) or 552(b) to surcharge the Collateral. Such waiver is effective only at any time that the Debtor is authorized to borrow funds comprising the Obligations from Secured Lender;

11. Commencing on the Petition Date, through and including an Event of Default, Debtor is authorized to submit a Borrowing Request on the form attached as **Exhibit "D"** to the Loan Agreement from Secured Lender any available DIP Financing (subject to the interim cap on such amounts identified in this Interim Order);

12. Other than as expressly provided herein, nothing herein shall be deemed a waiver by the Debtor or the Secured Lender, of any claim, right or remedy it or they and/or the bankruptcy estate may have;

13. Unless otherwise set forth in this Interim Order, all of the rights, remedies, benefits and protections provided to Secured Lender under this Interim Order shall survive an event of default, the termination of the DIP Financing, and the dismissal or conversion of these cases;

14. Following entry of the Interim Order, the Debtors shall, as soon as practicable, provide notice of the Interim Order and the Final Hearing.

15. The Final Hearing shall be held before this Court on April 16, 2010 at 9:45 a.m. or as soon thereafter as the parties may be heard;

16. This Interim Order shall constitute findings of fact and conclusions of law.

17. In the event of a conflict between the terms of this Interim Order and the Loan Agreement, the terms of this Interim Order shall apply.

**APPROVED AS TO FORM**:

| **BRYAN CAVE LLP** | **ARENT FOX LLP** |
|---|---|
| By: */s/ David M. Unseth*<br>    David M. Unseth<br>    Attorneys for Agility Investments<br>    Holdings, LLC<br>    Dated: April 2, 2010 | By: */s/ Katie A. Lane*<br>    Katie A. Lane<br>    Attorneys for ARINC Engineering Services,<br>    Inc. and ARINC Acquisition, LLC<br>    Dated: April 2, 2010 |

** END OF ORDER **

Case: 10-53056   Doc# 32   Filed: 04/02/10   Entered: 04/02/10 13:52:28   Page 7 of 8

7   INTERIM ORDER APPROVING AGREEMENT TO PROVIDE POST-PETITION FINANCING....

# COURT SERVICE LIST

**Debtor**
Impeva Labs, Inc.
Attn: Randall Shepard
2570 W. El Camino Real, Suite 100
Mountain View, CA 94040

**U.S. Trustee**
John Wesolowski
Office of the U.S. Trustee
U.S. Federal Bldg.
280 S. First Street, #268
San Jose, CA 95113

**Attorneys for Debtor**
Robert R. Franklin
Doris A. Kaelin
Murray & Murray
A Professional Corporation
19400 Stevens Creek Blvd., Suite 200
Cupertino, CA 95014-2548

**Attorneys for Agility Investments Holdings, LLC**
David M. Unseth
Bryan Cave LLP
211 N. Broadway, Suite 3600
St. Louis, MO 63102

**Attorneys for ARINC Engineering Services, Inc. and ARINC Acquisition, LLC**
Katie A. Lane
Arent Fox LLP
1050 Connecticut Avenue, NW
Washington, DC 20036-5339

RAF/
K:\Impeva Labs\Pl\ARINC DIP Agreement\Mot Int Ord 2.v7.docx

Case: 10-53056   Doc# 32   Filed: 04/02/10   Entered: 04/02/10 13:52:28   Page 8 of 8

8  INTERIM ORDER APPROVING AGREEMENT TO PROVIDE POST-PETITION FINANCING....