1  STEPHEN T. O'NEILL (115132)
   DORIS A. KAELIN (162069)
2  THOMAS T. HWANG (218678)
   MURRAY & MURRAY
3  A Professional Corporation
   19400 Stevens Creek Blvd., Suite 200
4  Cupertino, CA 95014-2548
   Telephone:  (650) 852-9000; (408) 907-9200
5  Facsimile:  (650) 852-9244
   Email:  soneill@murraylaw.com
6  Email:  dkaelin@murraylaw.com
   Email:  thwang@murraylaw.com
7

8  Attorneys for Debtor

9

**IT IS SO ORDERED.**
**Signed May 07, 2010**

*Arthur S. Weisbrodt*
**Arthur S. Weisbrodt**
**U.S. Bankruptcy Judge**

10            UNITED STATES BANKRUPTCY COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12                  SAN JOSE DIVISION

| | |
|---|---|
| 13  In re: | ) |
| 14  | ) Case No. 10-53056-ASW-11 |
| **IMPEVA LABS, INC.,** | ) |
| 15  | ) |
| Debtor. | ) Chapter 11 |
| 16  | ) |
| 2570 West El Camino Real, Suite 100 | ) |
| 17  Mountain View, California 94040 | ) Date:     May 4, 2010 |
| | ) Time:     10:00 a.m. |
| 18  Employer Tax I.D. No.: 20-2084435 | ) Place:    United States Bankruptcy Court |
| | )                280 S. First St., Room 3020 |
| 19  | )                San Jose, CA  95113 |
| | ) Judge:    Honorable Arthur S. Weisbrodt |

20

21          **ORDER GRANTING MOTION BY DEBTOR TO SELL CERTAIN ASSETS**
            **FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS**
22

23          A hearing on the MOTION BY DEBTOR TO SELL CERTAIN ASSETS FREE AND CLEAR OF LIENS,

24  CLAIMS, ENCUMBRANCES AND OTHER INTERESTS (the "Sale Motion") filed by Impeva Labs, Inc., the

25  debtor and debtor-in-possession herein (the "Debtor"), was held before this Court on May 4, 2010 at

26  10:00 a.m. and reconvened on May 5, 2010 at 2:30 p.m. (the "Sale Hearing"); the Debtor having

27  appeared by and through its bankruptcy counsel Murray & Murray, A Professional Corporation and

28  Doris A. Kaelin; bidder ARINC Engineering Services, LLC and ARINC Acquisition, LLC or their

DAK
K:\Impeva Labs\PlSale\mot doc DAK 2nd Supp ORD .doc]          1          ORDER GRANTING MOTION BY DEBTOR TO SELL CERTAIN ASSETS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS

Case: 10-53056   Doc# 113   Filed: 05/07/10   Entered: 05/07/10 ...
11

designated affiliate (collectively referred to as "ARINC") having appeared by and through its counsel Arent Fox LLP and Katie A. Lane; other appearances were as noted in the record. Having considered the arguments of counsel and the facts set forth in the pleadings of record in this case, and finding that appropriate and sufficient notice of the hearing on the Sale Motion was given under the circumstances, and good cause appearing therefore;

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**[1]

A.    <u>Jurisdiction</u>. The Court has jurisdiction over this matter and over the property of the Debtor and its Estate, including the property to be sold, transferred or conveyed pursuant to the Purchase Agreement, pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this case and the Sale Motion is proper in this District and this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.    <u>Statutory Predicates</u>. The statutory predicates for the relief sought in the Assumption Motion and the basis for the approvals and authorizations herein are (i) section 363 of chapter 11 of title 11 of the United States Code (as amended, the "<u>Bankruptcy Code</u>") and (ii) Rules 2002, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

C.    <u>No Stay</u>. In order to maximize the value of the Purchased Assets[2], it is essential that the Sale of the Purchased Assets occur as soon as possible and, at the latest, by the third week of May. The need for the parties to consummate the transactions provided for under the terms and conditions of the Purchase Agreement, and to maximize the value of the Purchased Assets and reduce the Debtor's ongoing operational costs (which costs will be substantially reduced after the Sale closes), constitutes good cause to expeditiously seek the Closing of the Sale and to terminate the stay imposed by Rule 6004(h) of the Federal Rules of Bankruptcy Procedure.

D.    <u>Retention of Jurisdiction</u>. It is necessary and appropriate for the Court to retain

---

[1] In accordance with Federal Rule of Bankruptcy Procedure 7052, all findings of fact shall be construed as conclusions of law, and all conclusions of law shall be construed as findings of fact, as and when appropriate.

Unless otherwise specified, all statutory references herein are to Title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

[2] Unless otherwise specified, capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Sale Motion and the Purchase Agreement. This order is referred to herein as the "<u>Order</u>."

Case 10-33036    Doc# 115    Filed: 05/07/10    Entered: 05/07/10 13:08:08    Page 2 of 11

1 | jurisdiction to, among other things, interpret and enforce the terms and provisions of this Order.

2 |     E.    <u>The Petition Date</u>. On March 26, 2010 (the "<u>Petition Date</u>"), the Debtor filed its

3 | voluntary petition under chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtor has

4 | continued in possession and management of its business and property as a debtor in possession

5 | pursuant to Bankruptcy Code §§ 1107(a) and 1108.

6 |     F.    <u>Notice of the Sale Motion</u>. As evidenced by the certificates of service filed with the

7 | Court, (i) proper, timely, adequate and sufficient notice of the Sale Motion, the Auction, and the Sale

8 | Hearing have been provided in accordance with sections 102(1), and 363(b) and (f), of the

9 | Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9006, 9007, and 9014, the local rules of this Court,

10 | and in compliance with the Bid Procedures Order; (ii) such notice was proper and adequate and

11 | appropriate under the particular circumstances; and (iii) no other or further notice of the Sale

12 | Motion, the Auction, the Sale Hearing, or of the entry of this Order is necessary or shall be required.

13 |     G.    <u>Objection to the Sale Motion</u>. An objection to the Sale Motion was filed by System

14 | Planning Corporation ("<u>SPC</u>") on April 27, 2010 and a reply brief was filed by SPC on April 30,

15 | 2010 (collectively, the "<u>SPC Objection</u>").

16 |     H.    <u>Modification to Purchase Agreement</u>. Buyer acknowledges the disclosure schedules

17 | to the Purchase Agreement with the Buyer will be modified such that the applicable representations

18 | and warranties by the Debtor (including representations and warranties with respect to litigation and

19 | intellectual property matters) refer to the matters alleged in the SPC Objection and the Proof of

20 | Claim filed by SPC on April 28, 2010. The Purchase Agreement is also modified (1) to include an

21 | option (the "<u>Option</u>") by Buyer to purchase all outstanding shares of equity of Impeva Labs Closed

22 | Joint Stock Company (the "<u>Subsidiary Stock</u>") for the sum of $10,000, payable to the Debtor at the

23 | Closing, which Option shall be for a period of up to 120 days after the Closing, and a payment upon

24 | exercise of the Option and closing, of not less than another $10,000 (subject to overbid); (2) to

25 | require that the Closing occur on or before May 13, 2010; (3) to revise the Assumed Liabilities

26 | number to $718,923; (4) to include the Debtor's claims against SPC as an Excluded Asset; and (5) to

27 | change all references to the "Buyer" under the Purchase Agreement to the Winning Bidder

28 | hereunder and other non-material modifications.as agreed by Buyer and the Debtor

DAK
K:\Impeva Labs\Sale\mot for DAK 2nd Supp ORD.doc

3

ORDER GRANTING MOTION BY DEBTOR TO SELL
CERTAIN ASSETS FREE AND CLEAR OF LIENS,
CLAIMS, ENCUMBRANCES AND OTHER INTERESTS

Case: 10-53035    Doc# 113    Filed: 05/07/10    Entered: 05/07/10    Page 3 of
11

1    I.    Qualified Bidders.  Pursuant to the Bid Procedures, one qualified overbid was

2    received: Cubic Corporation, a Delaware corporation (or its designee)(herein, the "Buyer" and the

3    "Winning Bidder").

4    J.    Good Faith.  The Buyer is not an "insider" or "affiliate" of the Debtor (as such terms

5    are defined in the Bankruptcy Code).  The Buyer is a purchaser in good faith, as that term is used in

6    the Bankruptcy Code and court decisions thereunder, and is entitled to the protections of section

7    363(m) of the Bankruptcy Code.  The Purchase Agreement was negotiated and entered into in good

8    faith, based upon arm's length bargaining, and without collusion or fraud of any kind.  The sales

9    process was conducted in accordance with the Bidding Procedures Order and in good faith within

10   the meaning of section 363(m) of the Bankruptcy Code.

11   K.    No Collusion.  The Buyer has not violated section 363(n) of the Bankruptcy Code by

12   any action or inaction.  The Purchase Price to be paid by the Buyer was not limited by an agreement

13   among potential bidders at such Sale.  The transactions under the Purchase Agreement may not be

14   avoided, and no damages may be assessed against the Buyer or any other party under section 363(n)

15   of the Bankruptcy Code or any other applicable bankruptcy or non-bankruptcy law.

16   L.    Winning Bidder.  At the Sale Hearing, the Debtor announced that it had determined

17   that the offer submitted by the Buyer is the highest and best offer and that the Buyer is the Winning

18   Bidder for the Debtor's Purchased Assets in accordance with the Bidding Procedures Order.

19   M.    The Debtor's business and the Purchased Assets have been adequately marketed and

20   the sale process has been conducted in a commercially reasonable manner in accordance with the

21   Bidding Procedures Order.

22   N.    No brokers were involved in consummating the Sale and no brokers' commissions are

23   due.

24   O.    The offer of the Buyer, upon the terms and conditions set forth in the Purchase

25   Agreement, including the form and total consideration to be realized by the Debtor pursuant to the

26   Purchase Agreement is the highest and best offer received by the Debtor for the Purchased Assets.

27   P.    The Sale is in the best interests of Debtor's Estate and its creditors.

28   Q.    The Debtor has presented good and sufficient business justification for the Sale of the

Purchased Assets pursuant to section 363 of the Bankruptcy Code and the other relief granted herein.

R.      <u>Section 363(f) is Satisfied.</u> At least one of the subsections of section 363(f) of the Bankruptcy Code is satisfied with respect to each of the parties identified in Paragraph 9 below purportedly holding or asserting any lien, claim, encumbrance or other interest with respect to any of the Purchased Assets. Pursuant to section 363(f), effective upon the Closing under the Purchase Agreement, there shall be vested in the Buyer all right, title and interest of the Debtor and the Bankruptcy Estate in the Purchased Assets, free and clear of all of the security interests, pledges, liens (as that term is defined in section 101(37) of the Bankruptcy Code), claims (as that term is defined in section 101(5) of the Bankruptcy Code) and other interests set forth below (collectively, the "<u>Affected Interests</u>"). Unless the holders of such Affected Interests have agreed to other treatment, such Affected Interests shall attach to the consideration to be received by the Debtor in the same priority and extent and subject to the same defenses and avoidability, if any, as before the Closing.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      The relief requested in the Sale Motion is granted in its entirety, subject to the terms and conditions contained herein.

2.      All objections, responses, and requests for continuance concerning the Sale Motion are resolved in accordance with the terms of this Order and as set forth in the record of the Sale Hearing. To the extent any such objection, response or request for continuance was not otherwise withdrawn, waived, or settled, it, and all reservations of rights contained therein, is overruled and denied on the merits.

3.      The Debtor is authorized to sell the Debtor's Purchased Assets for the following consideration (all as set forth more fully in the Purchase Agreement): (a) $2,210,000 in cash payable at the Closing (which sum includes consideration for the Option referred to at Recital H above); (b) assumption of the Assumed Liabilities set forth on Schedule 2.03 to the Purchase Agreement in the amount of $718,923; (c) assignment to Buyer of the Assumed Contracts; and (d) an additional cash payment of not less than $10,000 for the Subsidiary Stock upon exercise of the Option. The Debtor

ORDER GRANTING MOTION BY DEBTOR TO SELL
CERTAIN ASSETS FREE AND CLEAR OF LIENS,
CLAIMS, ENCUMBRANCES AND OTHER INTERESTS

1    is authorized to enter into the Purchase Agreement, as modified by Recital H herein, and as may be

2    further modified by the Debtor and Buyer pursuant to Paragraph 13 herein.

3         4.    The Debtor is authorized to consummate and carry out the transactions described in

4    this Sale Motion and the Purchase Agreement, and to undertake the obligations and other matters

5    imposed, required or provided for therein such that, among other things, the Debtor, subject thereto,

6    may sell assets, and grant or exchange releases as provided for in the Sale Motion or the Purchase

7    Agreement or required thereby.  Without limiting the foregoing, the Debtor may execute, deliver and

8    perform under all additional instruments and documents that may be reasonably necessary or

9    desirable to implement the Purchase Agreement or this Order.

10        5.    Pursuant to sections 105(a), 363(f) and 365 of the Bankruptcy Code, and without

11   further Court order, the Purchased Assets shall be transferred, sold and delivered to the Buyer, and

12   consummation of the transactions embodied in the Purchase Agreement, shall be, effective as of the

13   Closing.

14        6.    Other than as provided in the Purchase Agreement (a) the Purchased Assets conveyed

15   hereunder shall be conveyed on an "as is, where is" basis and "with all faults," and (b) the Buyer

16   hereby waives and releases any warranties of any kind and nature with respect to the Purchased

17   Assets conveyed hereunder, including any warranties of merchantability and of fitness for a

18   particular purpose.

19        7.    Subject to Paragraph 10 below, pursuant to section 363(f) of the Bankruptcy Code

20   and without further order of the Court, upon Closing, the Purchased Assets shall vest in the Buyer all

21   right, title and interest of the Debtor and the Bankruptcy Estate in the Purchased Assets, free and

22   clear of any Affected Interests in or with respect to the Purchased Assets, including all security

23   interests, liens, mortgages, encumbrances, title defects, claims, liabilities, obligations, franchise or

24   similar rights, and rights of first offer or first refusal or similar adverse interests of any kind or

25   character, that are asserted by the persons who were served with notice of the Sale Motion,

26   including, but not limited to, the persons listed below:

27   / / /

28   / / /

Agility Investments Holdings, LLC
Agnes C. Kim
ARINC Incorporated
David D. Kim Trust
James J. Kim
John T. Kim Trust 12/31/87
Susan Y. Kim Trust

8.     Any Affected Interest in or with respect to the Purchased Assets not satisfied prior to or concurrently with the Closing shall attach to the portion of the Debtor's proceeds of the Sale allocable to the property which was subject to the particular Affected Interest in the same order and priority and to the same extent as such Affected Interest had as of the Closing.

9.     The Debtor, without further notice to any holder of an Affected Interest, is authorized to execute any such releases, termination statements, assignments, consents or instruments on behalf of any third party, including the holders of any Affected Interest, that are necessary or appropriate to effectuate or consummate the Sale; provided, however, that the execution of any such releases, termination statements, assignments, consents or instruments shall in no way affect the perfection, priority or extent of the Affected Interests in the Debtor's proceeds of the Sale.

10.     Nothing in this Order is intended to prejudice or limit any claim by SPC with respect to the matters raised in the SPC Objection (the "SPC Claim") (a) against the Debtor with respect to any SPC Claim that may exist prior to the Closing; or (b) against the Buyer with respect to any SPC Claim that may arise from and after the date of the Closing of the Sale.

11.     Nothing in this Order is intended to prejudice or limit in any way any claim that the Debtor, the bankruptcy estate, or any other person may have against SPC.  Without limiting the foregoing, the Debtor also expressly reserves the right to pursue a claim for sanctions against all persons determined by the Court to have violated Bankruptcy Rule 9011 for the filing with the Court of the SPC Objection and/or the Proof of Claim by SPC.

12.     To the extent the transactions contemplated by the Purchase Agreement require the transfer by the Debtor of any licenses, permits, registrations or governmental authorization, the Debtor is authorized to transfer such licenses, permits, registrations or governmental authorization to the Buyer or its successors and assigns as of the Closing Date, to the fullest extent permitted under

ORDER GRANTING MOTION BY DEBTOR TO SELL
CERTAIN ASSETS FREE AND CLEAR OF LIENS,
CLAIMS, ENCUMBRANCES AND OTHER INTERESTS

1 | applicable law.

2 |       13.     Except as otherwise provided herein, the Purchase Agreement and any related

3 | documents or other instruments may be modified, amended or supplemented by the parties thereto,

4 | in a writing signed by both parties and in accordance with the terms thereof, without further order of

5 | the Court, provided that any such modification, amendment or supplement does not have a material

6 | adverse effect on the Debtor's Bankruptcy Estate.

7 |       14.     The Buyer is and shall be deemed a good faith purchaser of the Purchased Assets for

8 | all purposes including, but not limited to, the provisions of section 363(m) of the Bankruptcy Code.

9 |       15.     The Buyer shall not incur any liability as a successor to the Debtor's business other

10 | than those liabilities assumed pursuant to the Purchase Agreement or this Order, and the Buyer is not

11 | and shall not be deemed a successor to the Debtor or otherwise liable for any of the Excluded

12 | Liabilities or Excluded Assets (as those terms are defined in the Purchase Agreement) and each and

13 | every holder of any of the Excluded Liabilities or Excluded Assets is permanently enjoined from

14 | commencing, continuing or otherwise pursuing or enforcing any remedy, claim, clause of action or

15 | Affected Interest against the Buyer or the Purchased Assets related thereto.

16 |       16.     This Order and any order rendering judgment entered in connection herewith shall be

17 | effective immediately upon entry.  No automatic stay of execution pursuant to Rule 62(a) of the

18 | Federal Rules of Civil Procedure or Bankruptcy Rule 6004(h) shall apply with respect to this Order.

19 |       17.     This Order is binding in all respects on the Debtor, its Estate, the holders of Affected

20 | Interests, creditors of the Debtor and all parties in interest who received notice of the Sale Motion

21 | and any and all successors and assigns, including, without limitation, any trustee appointed in this

22 | case under any chapter of the Bankruptcy Code.

23 |       18.     The Debtor shall be authorized to make such disbursements on or after the Closing as

24 | are required by the Purchase Agreement or order of this Court, including, but not limited to, the

25 | payment of (a) any cure amounts specified in the Court's ORDER AUTHORIZING DEBTOR TO ASSUME

26 | AND ASSIGN EXECUTORY CONTRACTS AND UNEXPIRED LEASES IN CONNECTION WITH THE SALE OF

27 | CERTAIN OF ITS ASSETS; (b) the Expense Reimbursement (as defined in Bidding Procedures Order)

28 | to ARINC in accordance with the terms and conditions set forth in Paragraph 8 of the Bidding

DAK
K:\Impep\n Labs\Plg3nb\mot doc DAK-2nd-Sspp ORD Haex

8

ORDER GRANTING MOTION BY DEBTOR TO SELL
CERTAIN ASSETS FREE AND CLEAR OF LIENS,
CLAIMS, ENCUMBRANCES AND OTHER INTERESTS

Procedures Order; and (c) the amount owing to ARINC on the Loan Agreement (subject to review by the Debtor with any disputed amounts to be determined by the Court); and (d) the amount owing to ARINC on the ARINC Pre-Petition Loan (subject to review by the Debtor with any disputed amounts to be determined by the Court).

19.     Excluding any SPC Claim against the Buyer or any claim by Buyer against SPC that may arise from and after the date of the Closing of the Sale, this Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the Purchase Agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including, without limitation, retaining jurisdiction to (a) compel delivery of the Purchased Assets to the Buyer, (b) resolve any disputes arising under or related to this Order, the Purchase Agreement, or the rights and duties of the parties hereunder or thereunder, (c) resolve any disputes regarding any liens, claims, encumbrances or other Affected Interests asserted against the Purchased Assets, and (d) interpret, implement, and enforce the terms and provisions of this Order and the Purchase Agreement, all amendments thereto and any waivers or consents thereunder and each of the agreements executed in connection therewith in all respects.

///
///
///
///
///
///
///
///
///
///
///
///
///

DAK
K:\...

9

ORDER GRANTING MOTION BY DEBTOR TO SELL
CERTAIN ASSETS FREE AND CLEAR OF LIENS,
CLAIMS, ENCUMBRANCES AND OTHER INTERESTS

1       20. By counsel's signature below, the Winning Bidder (a) expressly approves all terms

2 herein even if contrary to the Purchase Agreement or any other agreement pertaining to the sale, and

3 (b) agrees that to the extent this Order is inconsistent with any such agreement(s), this Order shall

4 control and the agreements shall be deemed so modified by this Order.

5

APPROVED AS TO CONTENT AND FORM:

6

ARENT FOX LLP

7

8

By: _____

9      Katie A. Lane
      Attorneys for ARINC Engineering Services,

10     Inc. and ARINC Acquisition, LLC

11 DLA PIPER LLP

12

13 By: _____
      Vincent P. Slusher

14     Attorneys for Cubic Corporation

15 SEVERSON & WERSON, PC

16

17 By: */s/ Donald H. Cram*_____
      Donald H. Cram

18     Attorneys for System Planning Corporation

19

20                  **\*\*END OF ORDER\*\***

21

22

23

24

25

26

27

28

DAK
K:\...\...\Sale\mot\ep PAK 2nd Supp ORD.doc

10

ORDER GRANTING MOTION BY DEBTOR TO SELL
CERTAIN ASSETS FREE AND CLEAR OF LIENS,
CLAIMS, ENCUMBRANCES AND OTHER INTERESTS

Case: 10-55056   Doc# 115   Filed: 05/07/10   Entered: 05/07/10 15:50:37   Page 10 of
11

**COURT SERVICE LIST**

**Debtor**
Impeva Labs, Inc.
Attn: Randall Shepard
2570 W. El Camino Real, Suite 100
Mountain View, CA 94040

**U.S. Trustee**
John Wesolowski
Office of the U.S. Trustee
U.S. Federal Bldg.
280 S. First Street, #268
San Jose, CA 95113

**Attorneys for Debtor**
Stephen T. O'Neill
Doris A. Kaelin
Murray & Murray
A Professional Corporation
19400 Stevens Creek Blvd., Suite 200
Cupertino, CA 95014-2548

**Attorneys for Agility Investments Holdings LLC**
David M. Unseth
Bryan Cave LLP
211 N. Broadway, Suite 3600
St. Louis, MO 63102

**Attorneys for ARINC Engineering Services, Inc. and ARINC Acquisition, LLC**
Katie A. Lane
Arent Fox LLP
1050 Connecticut Avenue, NW
Washington, DC 20036-5339

**Attorneys for Cubic Corporation**
Vincent P. Slusher
DLA Piper LLP
555 Mission Street, Ste. 2400
San Francisco, CA 94105-2933

**Attorneys for System Planning Corporation**
Donald H. Cram
Adam Barasch
Severson & Werson
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111

ORDER GRANTING MOTION BY DEBTOR TO SELL
CERTAIN ASSETS FREE AND CLEAR OF LIENS,
CLAIMS, ENCUMBRANCES AND OTHER INTERESTS

Case: 10-55056   Doc# 115   Filed: 05/07/10   Entered: 05/07/10 15:11:14   Page 11 of
11